Edward G. Baker, J.
Plaintiff herein sues .upon two causes of action. In the first he seeks specific performance of a contract for the sale of improved real property with an abatement of the purchase price for damage to the premises alleged to have *1037 occurred between the date of the contract and the closing date by reason of defendant’s negligence. In the second he seeks to impress a vendee’s lien and to recover the down payment together with the expenses incurred by him for title examination. Defendant moves (1) to dismiss the first cause of action pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice upon the ground that it fails to state facts sufficient to constitute a cause of action; and (2) to strike paragraphs 6,10 and 11 of both causes of action pursuant to rule 103 of the Rules of Civil Practice on the ground that they are sham.
The contract between the parties which is incorporated by reference in both causes of action provides, in part, as follows: ‘ ‘ In the event that the seller is unable to convey title in accordance with the terms of this contract, the sole liability of the seller will be to refund to the purchaser the amount paid on account of the purchase price and to pay the net cost of examining the title, which cost is not be exceed the charges fixed by the New York Board of Title Underwriters, and the net cost of any survey made in connection therewith incurred by the purchaser, and upon such refund and payment being made this contract shall be considered cancelled. ’ ’
The complaint does not allege nor does plaintiff on this motion assert that defendant deliberately or willfully caused the damage to the premises so as to avoid delivery of title to the plaintiff. It is the defendant’s position that plaintiff’s remedy for inability of defendant to convey in accordance with the contract terms is limited and defined by the provision of the contract hereinabove quoted; and that his remedy does not include the right to specific performance with an abatement of the purchase price.
It is alleged in the complaint that between the date of the contract and the date of closing defendant negligently permitted a material part of the premises to become destroyed or damaged without the fault of the plaintiff.
Section 240-a of the Real Property Law has no application here. That section does not deprive a vendee of the right of specific performance with abatement. In Rizzo v. Landmark Realty Corp. (277 App. Div. 1094), the court, construing the statute, held: “ Said section (subd. 1, par. [a]) renders unenforcible insofar as the vendor is concerned the right to specific performance when the loss is material. It does not, however, destroy any common-law right of the vendee to specific performance with abatement ” (citing cases).
Absent any specific provision in the contract to the contrary, a vendor remaining in possession must bear the burden of any loss occurring, between the date of contract and the date of closing, by reason of destruction of or injury to the property *1038 resulting from or caused by Ms own negligence. (92 C. J. S., Vendor and Purchaser, § 295, subd. b, par. [3], p. 177; 55 Am. Jur., Vendor and Purchaser, § 390, p. 812.)
In the 1936 Report of the Law Revision Commission of New York (Acts, Recommendation and Study relating to Risk of Loss in Executory Contracts for the Sale of Real Property) at page 774, it is stated: “ Of course, if the vendor in possession is negligent, and owing to his negligence the property is injured or destroyed, as matter of law the loss is his on any view ”.
In the circumstances here, plaintiff’s right of recovery and defendant’s liability are not limited to the items specified in the clause of the contract hereinabove quoted. That clause clearly does not contemplate a situation where the seller’s inability to convey in accordance with the contract provisions is attributable to his own negligence, and not to circumstances beyond his control. Moreover, we are not here concerned with any claimed defect in title.
The motion, insofar as it seeks dismissal of the first cause of action, is denied.
The motion, insofar as it seeks to strike paragraphs 6, 10 and 11 of both causes of action, is denied.